16 F.3d 1226
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Brian THOMSON, Petitioner/Appellee,
v.
George WELBORN, Respondent/Appellant.
 No. 92-1813.
 United States Court of Appeals, Seventh Circuit.
 Submitted Dec. 14, 1993.*
Decided Jan. 27, 1994.
 
 Before CUMMINGS, CUDAHY and EASTERBROOK, Circuit Judges.
 
 ORDER
 
 1
 The district court granted Brian Thomson's petition for a writ of habeas corpus under the authority of Taylor v. Gilmore, 954 F.2d 441 (7th Cir.1992), and the State appealed. During the pendency of this appeal, the United States Supreme Court reversed Taylor v. Gilmore. Gilmore v. Taylor, 113 S.Ct. 2112 (1993).
 
 
 2
 Before we examine the impact of the United States Supreme Court's ruling in Gilmore v. Taylor, we must address the state's argument that Thomson has procedurally defaulted on his claim by failing to appeal from the denial of his post-conviction petition. Thomson responds that he has shown "cause and prejudice" due to the Illinois Supreme Court's holding in People v. Flowers, 561 N.E.2d 674 (Ill.1990). He argues that because Flowers specifically denied the retroactivity of People v. Reddick, 526 N.E.2d 141 (Ill.1988), appeal would have been futile. To this he might add that it is reasonable to conclude that an Illinois court confronted with Falconer v. Lane, 905 F.2d 1129 (7th Cir.1990),[1] probably would not have applied Falconer retroactively given the decision in Flowers. But futility alone will not excuse procedural default, see Engle v. Isaac, 456 U.S. 107 (1982). Thomson could have argued that under Reed v. Ross, 468 U.S. 1 (1984), the federal courts will find "cause and prejudice" if the legal argument supporting the defaulted claim was so novel that it was not available at the time. But even if he had made such an argument, he would not prevail. A finding that the legal argument was novel for purposes of Ross would place Thomson squarely before the obstacle erected by Teague v. Lane, 489 U.S. 288 (1989). See Prihoda v. McCaughtry, 910 F.2d 1379 (7th cir. 1990) (questioning the validity of Ross after Teague ). Teague prohibits the application of changes in the law on collateral attack.[2] If Thomson can establish cause by showing that his arguments would have been futile at that time, his claim is foreclosed by Teague. This brings us to the effects of Gilmore v. Taylor: the United States Supreme Court held that Falconer was a new rule under Teague and it may not be applied retroactively. Because Falconer was decided after Thomson's conviction became final, and Falconer is not retroactive, we find that no Due Process violation occurred from the use of the jury instructions at Thomson's trial.
 
 
 3
 Accordingly, we also DENY Thomson's motion for release pending appeal.
 
 
 4
 REVERSED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 The record does not tell us when Thomson filed his post-conviction petition. We can assume that he filed his petition after Reddick and probably before Falconer. We do know that the denial of his post-conviction petition occurred after we decided Falconer
 
 
 [2]
 Teague does have two exceptions, but neither is relevant here